IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS, LOUISIANA

| | |
|---|---|
| AMREE ABDELNASER ) <br> ASIA ABDULAZIZ ) <br> *Plaintiffs*, ) <br> ) <br> ) Case No.: <br> ) <br> ) DHS No.: A <br> v. ) <br> ) <br> ALEJANDRO MAYORKAS, ) <br> Secretary of Department of Homeland ) <br> Security; ) <br> ) <br> ) <br> TRACY RENAUD, ) <br> Director, ) <br> U.S. Citizenship and Immigration Services; ) <br> ) <br> ) <br> MERRICK B. GARLAND, ) <br> U.S. Attorney General, ) <br> Department of Justice; ) <br> ) <br> and ) <br> ) <br> DIANNE WITTE, DIRECTOR ) <br> Interim Field Office Director, ) <br> New Orleans Field Office, ) <br> U.S. Citizenship and Immigration Services; ) <br> ) <br> *Defendants* ) | |

## COMPLAINT FOR WRIT OF MANDAMUS

NOW COME the Plaintiffs, Amree Abdelnaser and Asia Abdulaziz, through the undersigned, who complain as follows:

## STATEMENT OF ACTION

1. This action is brought to compel defendants to complete the adjudication of a Petition for Alien Relative ("I-130") of the Immigration and Nationality Act properly filed with the United States Citizenship and Immigration Services ("USCIS") by the Plaintiff. To the Plaintiffs' detriment, Defendants have failed to complete the processing of the petition, which has been pending since October 21, 2019. This delay is unreasonable as a matter of law.

2. Plaintiff, Amree Abdelnaser (hereinafter Abdelnaser), is a United States citizen who lives in Napoleanville, Louisiana. Amree Abdelnaser married Asia Adbulaziz on July 4, 2018.

3. Mr. Abdelnaser filed a USCIS Form I-130 Petition for Alien Relative on behalf of his spouse, Asia Abdulaziz, the first step in the process for Mrs. Abdulaziz and Alyemama to obtain permanent- resident status. To date, USCIS has not adjudicated the I-130 petition, which was received by USCIS on October 21, 2019.

## PARTIES

4. Defendant, Alejandro Mayorkas ("Mayorkas"), is sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity as the Secretary of the United States Department of Homeland Security (hereafter "DHS"). In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 C.F.R. § 2.1.

5. Defendant, Tracy Renaud ("Renaud"), is sued in her official capacity as the District Director of the United States Citizenship and Immigration Services, District 11, New Orleans District. The New Orleans Field Office, which is under Defendant's direction, is charged with the administration of the Immigration and Nationality Act and the

     adjudication of Forms filed by people living in the New Orleans district. In her capacity as the District Director, Defendant Tracy Renaud has responsibility for the administration of the immigration laws.

6. Defendant, Merrick B. Garland ("Garland"), is sued in his official capacity as the Attorney General of the United States and chief officer of the United States Department of Justice (hereafter "DOJ"). In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103.

7. Defendant, L. Francis Cissna ("Cissna"), is sued in his official capacity as the Director of United States Citizenship and Immigration Services (hereafter "USCIS"). USCIS is the component of DHS that is responsible for adjudicating Plaintiff's Forms. In his capacity as the Director of USCIS, Defendant L. Francis Cissna has responsibility for the administration of the immigration laws.

8. Defendant, Diane L. Witte, is sued in her official capacity as the Field Office Director at the New Orleans Field Office of the United States Citizenship and Immigration Services. The New Orleans Field Office, which is under Defendant's direction, is charged with the administration of the Immigration and Nationality Act and the adjudication of Form I-130 filed by people living in the New Orleans district. In her capacity as the Field Office Director, Diane L. Witte has responsibility for the administration of the immigration laws

## JURISDICTION

9. This Court has original jurisdiction to hear both civil actions arising under the laws of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 U.S.C. §1331; 28 U.S.C.§1361. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C.§§2201-2202.

10. This action is brought to compel the Defendants, an officer and an agency of the United States, to perform the duties arising under the laws of the United States.

11. This Court has jurisdiction to hear actions arising from claims that an agency or officer or employee of a government agency failed to act in its official capacity and the person to whom the duty was owed suffered a legal wrong. 5 U.S.C. §702.

12. This action invokes the Plaintiffs' right of due process under the Fifth Amendment of the United States Constitution, over which this Court retains jurisdiction.

13. This action is brought due to the repeated failure of the Defendants to perform their duty to adjudicate the Plaintiffs' immigrant visa issuance within a reasonable amount of time. Failure to adjudicate said visa has resulted in harm to the Plaintiffs.

14. Venue lies in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1391(e), because the Plaintiff resides in the Eastern District of Louisiana and no real property is involved in this action.

## EXHAUSTION OF REMEDIES

15. Plaintiffs have exhausted all administrative remedies. Plaintiffs, through their attorney and on their own, have made numerous inquiries concerning the status of their I-130 application and Defendants have failed to properly respond.

16. Plaintiffs have not received correspondence from the Defendants in regard to adjudication of their I-130 application.

## CAUSE OF ACTION

17. Plaintiff filed a Form I-130 Petition for Alien Relative on behalf of his spouse Asia Abdulaziz, which has yet to be adjudicated by the U.S. Citizenship and Immigration Service. The application was received by USCIS on October 21, 2019.

18. Plaintiff followed the appropriate procedures and provided ample evidence of the bona fide nature of their marriage with their I-130 petition. However, it has been more than one (1) year and nine (9) months since Plaintiffs' I-130 application was received by USCIS. To date, USCIS has failed to take any steps to complete the adjudication of the Petitioners' I-130 petition.

19. Defendant's failure to adjudicate and approve Plaintiffs' I-130 petition constitutes an unreasonable failure to act in violation of the Administrative Procedures Act and denies Plaintiffs' due process and equal protection of the laws guaranteed by the Fifth Amendment of the United States Constitution.

## **PRAYER**

WHEREFORE, Plaintiff prays that this Court grant her the following relief:

A. Assume jurisdiction over the case;

B. Order Defendants to adjudicate the Plaintiffs' I-130 Petition for Alien Relative within 60 days;

C. Award Plaintiff reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, for failure of the Defendants to perform their duties within the statutory time period; and

D. Such other relief at law and in equity as justice may so require.

Respectfully submitted,

*/s/ Paul H. Scott*
Paul H. Scott
The Scott Law Firm, LLC
10636 Linkwood Court
Baton Rouge, Louisiana 70810
Phone: 225-400-9976
Fax:     888-601-0123
Email: paul@pwscottlaw.com
LSBA# 31961

## CERTIFICATE OF SERVICE

I hereby certify that the above **COMPLAINT FOR WRIT OF MANDAMUS** was this day electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid and properly addressed.

Baton Rouge, Louisiana this 3 day of August, 2021

/s/ Paul H. Scott

_____
Paul H. Scott